**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-13229
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JARED CALHOUN,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 3:24-cr-00024-TES-CHW-11
_____

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

After pleading guilty to conspiracy to distribute and possess with intent to distribute methamphetamine, Jared Calhoun was

sentenced to a prison term of 210 months.  He now appeals, arguing that the district court erred by failing to grant a mitigating- or minor-role reduction when calculating his guideline range at sentencing.  The government has moved to dismiss Calhoun's appeal based on the sentence-appeal waiver in his plea agreement.  We conclude that the waiver is enforceable and bars this appeal, so we grant the government's motion to dismiss.

We review de novo the validity and scope of an appeal-waiver provision in a plea agreement. *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022).  Sentence-appeal waivers are enforceable if they are made knowingly and voluntarily. *Id.* at 1367.  "The government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).

Here, the government has shown that Calhoun's appeal waiver is enforceable and bars this appeal.  Calhoun's plea agreement included a provision under which he "knowingly and voluntarily waive[d] any right to appeal [his] sentence."  The waiver did not apply in only three narrow circumstances: (1) the sentence "exceed[ed] the advisory guideline range as that range ha[d] been calculated by the Court at the time of sentencing"; (2) the sentence exceeded the statutory maximum; or (3) the government appealed. Calhoun initialed the bottom of each page, and he and his attorney

signed a certification stating that he had discussed and fully under-stood the agreement's terms.

During the plea colloquy, the district court questioned Cal-houn about the terms of the plea agreement, including the appeal waiver. The court explained that Calhoun's plea agreement in-cluded a waiver of appeal of any sentence imposed by the court, "except for very limited reasons." Calhoun told the court that he understood the waiver and that he freely and voluntarily waived the right to appeal his sentence except as set forth in the plea agree-ment. The district court accepted Calhoun's guilty plea as knowing and voluntary and adjudicated him guilty.

Because Calhoun was specifically questioned about the waiver during the plea colloquy, and it's otherwise clear from the record that he understood the waiver's full significance, we will en-force the waiver. *See Bushert*, 997 F.2d at 1351. Although the court did not list the waiver's exceptions in detail, the record shows that the court "effectively conveyed to [Calhoun] that he was giving up his right to appeal his sentence under most circumstances." *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020). And the appeal waiver clearly bars Calhoun's challenge to the calculation of his guideline range. Accordingly, we grant the government's motion to dismiss.

**DISMISSED**.